FILED
JAMES BONINI
CLERK

2011 DEC 23 PM 2:09

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT PROGRAMS,

    Plaintiffs,

vs.

Civil Action 2:10-CV-406
Judge Marbley
Magistrate Judge King

DAN-RAY CONSTRUCTION, LLC,
et al.,

    Defendants.

## OPINION AND ORDER

This is an action pursuant to §301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185, and §502 of the Employees Retirement Income Security Act of 1972, 29 U.S.C. §1132 et seq. ["ERISA"], seeking recovery for amounts allegedly due certain employee benefit plans. This matter is now before the Court on plaintiffs' motion for summary judgment as against defendant Dan-Ray Construction, LLC ["Dan-Ray"]. *Motion for Summary Judgment*, Doc. No. 26. Dan-Ray has filed a memorandum in opposition to the motion, *Memorandum in Opposition*, Doc. No. 36, and plaintiffs have filed a reply, *Reply Memorandum*, Doc. No. 37.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury

could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The plaintiff trustees bring this action on behalf of the Ohio Laborers' Fringe Benefit Programs, an association of trust funds. Plaintiffs seek recovery of unpaid contributions, liquidated damages and interest allegedly due under various collective bargaining agreements for the period May 2009 through October 2010 to the date of trial, as well as attorneys fees. *Second Amended Complaint*, Doc. No. 17. Plaintiffs specifically allege that defendant Dan-Ray acted in breach of its obligations under the collective bargaining agreements by failing to make monthly contributions and that defendant Timothy Jenkins, as the principal officer and "alter ego" of Dan-Ray, is also liable for those amounts. *Id.*

In the *Motion for Summary Judgment*, which is directed only to Dan-Ray, plaintiffs seek recovery of $30,040.97, that amount reflecting a balance of $17.122.92 in unpaid contributions, $11,792.02 in liquidated damages and $1,126.03 in interest on late and unpaid contributions. *See Affidavit of Plaintiffs' Administrative Manager*, ¶¶ 13, 17, attached to *Motion for Summary Judgment*. Plaintiffs also seek an award of attorneys fees in the total amount of $6,313.75.

In its memorandum in opposition to the *Motion for Summary Judgment*, Dan-Ray affirmatively concedes that it is bound by the collective bargaining agreements relied upon by plaintiffs and that it is obligated to pay fringe benefits to plaintiffs' funds. *Memorandum in Opposition*, pp. 1-2. Dan-Ray does not dispute the audit results or calculations upon which the request for unpaid contributions, liquidated

2

damages and interest is based. Instead, Dan-Ray challenges only the request for attorneys fees, arguing that plaintiffs have provided "no basis for the Court to determine whether Plaintiff's [sic] legal fees are reasonable or not." *Id.* p.3.

In support of their request for attorneys fees, plaintiffs have submitted the affidavit of their counsel, Steven L. Ball, in which Mr. Ball avers that he spent 29 hours in necessary services in the action, for which he has charged plaintiffs $6,313.75 at the rate of $215.00 and $230.00 per hour. *Plaintiffs' Affidavit in Support of Their Motion for Summary Judgment and Application for Attorney Fees*, attached to *Motion for Summary Judgment*. Attorney Ball also specifically avers that his charges "are reasonable." *Id.* ¶2. Also attached, as Exhibit D to the *Motion for Summary Judgment*, is the itemized list of professional services provided by counsel in connection with this case.

ERISA provides that, where judgment in connection with delinquent contributions is awarded to a fiduciary acting on behalf of a plan, the court must award – in addition to the unpaid contributions, liquidated damages and interest – "reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." 29 U.S.C. § 1132(g)(2)(D). The statute's directive in this regard is mandatory, not discretionary. *Trustees for Michigan Laborers Health Care Fund v. Eastern Concrete Paving Company*, 948 F.2d 1290 (Table), 1991 WL 224076, *2 (6th Cir. October 31, 1991). In calculating "reasonable attorney's fees," a court need not hold an evidentiary hearing, *id.*, but the court may

> take into account prevailing market rates for

3

> comparable legal work, the amount of time
> reasonably necessary to accomplish tasks in the
> course of the litigation and the quality of
> representation provided by counsel.

*Id.*(quoting *Bernis v. Hogue*, 935 F.2d 269, 1991 WL 102385 (6th Cir. June 13, 1991)(*per curiam*)). In all events, the inquiry "is a factual determination to be left to the district court based on the issues." *Id.*

In support of their request for attorneys fees, plaintiffs have submitted a detailed itemization of work performed by their counsel in this case. Their attorney has averred that these services were necessary to the prosecution of the action. Moreover, this Court's own records establish that plaintiffs' attorney is a well-experienced lawyer in this substantive area of the law. His professional opinion that the fee is reasonable is therefore worthy of credit.

Upon an independent review of the submissions made in support of the *Motion for Summary Judgment*, the Court finds that the rates charged and hours expended are reasonable. Indeed, Dan-Ray – in challenging only the sufficiency of the evidence presented – does not dispute this finding. The Court therefore concludes that plaintiffs are entitled to a reasonable attorney's fee in the amount of $6,313.75.

**WHEREUPON** plaintiffs' *Motion for Summary Judgment*, Doc. No. 26, is **GRANTED**. Plaintiffs are awarded, as against defendant Dan-Ray, $30,040.97, that amount reflecting a balance of $17.122.92 in unpaid contributions, $11,792.02 in liquidated damages and $1,126.03 in interest on late and unpaid contributions, as well as an attorney's fee in the total amount of $6,313.75.

Plaintiffs shall file, within ten (10) days of the date of

this *Opinion and Order*, a report on the status of their claims against defendant Jenkins.

                                                                                    */s/ Algenon L. Marbley*
                                                          Algenon L. Marbley
                                                      United States District Judge